**IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| STEPHEN HUGHS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMERCIAL RECOVERY SYSTEMS, ) <br> INC., ) <br> ) <br> Defendant. ) <br> ) | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

STEPHEN HUGHS, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et. seq.* ("Colorado FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Colorado, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Thornton, Colorado.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 8035 ERL Thornton Freeway, Suite 320, Dallas, Texas 75228.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, originating from an auto loan from Drive Financial.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. The debt could have only been personal in nature, as Plaintiff owes no business debt.

13. Beginning in or around June of 2011 and continuing through March of 2012, Defendant placed continuous harassing and threatening telephone calls to Plaintiff's home telephone.

14. Defendant's harassing collection calls originated from numbers including, but not limited to (800) 214-5318. The undersigned has confirmed that this number belongs to Defendant.

15. Defendant's collectors called Plaintiff in excess of two times per day.

16. In or around February of 2012, Defendant's collector called Plaintiff's home telephone, in order to collect the alleged debt.

17. When Plaintiff's eleven year old daughter answered the telephone, Defendant's collector exclaimed that he was a debt collector, that her father owed a debt, and that he had to return the collector's call.

18. This was highly upsetting to Plaintiff, who did not wish his young daughter to know that he owed a debt and did not want to frighten her.

19. On at least one occasion in or around March of 2012, Defendant collectors called Plaintiff at 7:45 am Mountain Standard Time.

20. Further, in one of the many conversations between the parties, collectors said, "You [Plaintiff] should have the snot beaten out of you" for failing to pay the loan. Plaintiff was outraged at the statement, and took it as a threat of physical harm.

21. This threat was extremely upsetting and worrisome to Plaintiff.

22. In or around March of 2012, Defendant claimed that if Plaintiff did not make a payment within the next two hours, Defendant would "take it to the next level", which in the context of the earlier "snot beaten out of you" conversation, caused Plaintiff apprehension of physical harm.

23. If it was not a threat of violence meant by "take it to the next level", Plaintiff could think of no other action Defendant could take aside from filing a lawsuit.

24. Defendant has not taken any steps toward suing Plaintiff for the debt, therefore Plaintiff believes that Defendant's threat of suit was never intended to result in an actual filing of civil process.

25. Defendant took the actions described herein with the intent to deceive, harass and intimidate Plaintiff into paying the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE § 1692b(2) OF
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692b(2) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party.

27. Defendant violated § 1692b(2) of the FDCPA when it discussed Plaintiff's debt with Plaintiff's daughter.

## COUNT II
## DEFENDANT VIOLATED THE § 1692c(a)(1) OF
## FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692c(a)(1) of the FDCPA states that a debt collector shall not communicate with a consumer in connection with the collection of any debt at any unusual time or place. Unless the debt collector has information to the contrary, the debt collector shall presume that convenient hours for the consumer are between 8:00 am and 9:00 pm, local time at the consumer's location.

29. Defendant violated § 1692c(a)(1) of the FDCPA when it contacted Plaintiff prior to 8 am.

## COUNT III
## DEFENDANT VIOLATED THE § 1692c(b) OF
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692c(b) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party except for reasons expressly given under § 1692(b)

without the prior consent of the consumer.

31. Defendant violated § 1692c(b) of the FDCPA when it discussed Plaintiff's debt with Plaintiff's daughter without Plaintiff's consent.

## COUNT IV
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

33. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it discussed Plaintiff's debt with Plaintiff's daughter, when it threatened Plaintiff with physical violence, when it misrepresented that it would take court action against Plaintiff, when it implied Plaintiff only had two hours to pay this alleged debt, and when it engaged in other harassing or abusive conduct.

## COUNT V
## DEFENDANT VIOLATED § 1692d(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

34. Section 1692d(1) of the FDCPA prohibits debt collectors from using or threatening to use violence of other criminal means to harm the physical person, reputation, or property of any person.

35. Defendant violated § 1692d(1) of the FDCPA when it told Plaintiff that he should have the "snot" beaten out of him.

## COUNT VI
## DEFENDANT VIOLATED § 1692d(2) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692d(2) of the FDCPA prohibits debt collector from using or obscene or profane language, or language the natural consequence of which is to abuse the hearer or reader.

37. Defendant violated § 1692d(2) of the FDCPA when it stated that someone should "beat the snot" out of Plaintiff, and when it threatened to "take it to the next level" if Plaintiff did not pay the debt within two hours.

## COUNT VII
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

10. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

11. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT VIII
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

38. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

39. Defendant violated § 1692e of the FDCPA when it threatened to take action that it lacked the capacity and intent to take, when it falsely implied that Plaintiff only had two hours to

pay the debt, and when it made other false, deceptive or misleading representations.

## COUNT IX
## DEFENDANT VIOLATED § 1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

40.     Section 1692e(5) of the FDCPA prohibits debt collectors from misrepresenting that they will take legal action when they lack intent or ability to do so.

41.     Defendant violated § 1692e(5) of the FDCPA when it misrepresented that it would "take it to the next level" if Plaintiff did not pay the debt within Defendant's two hour time frame.

## COUNT X
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

42.     Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

43.     Defendant violated § 1692e(10) of the FDCPA when it contacted Plaintiff after receiving Plaintiff's cease and desist letter, when it threatened legal action that it lacked capacity and intent to take, and when it made other false, deceptive or misleading representations.

## COUNT XI
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

44.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

45.     Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and

continuously, when it discussed Plaintiff's debt with Plaintiff's daughter, when it attempted to coerce Plaintiff into believing that Defendant had capacity to take "it to the next level" when it threatened Plaintiff with physical violence, when it verbally threatened Plaintiff, and when Defendant used other unfair or unconscionable means to collect the alleged debt.

## COUNT XII
### DEFENDANT VIOLATED § 12-14-104(1)(a) § 12-14-104(1)(b) OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT

46.    Colo. Rev. Stat. § 12-14-104(1)(a) states that a debt collector shall identity himself and state that he is confirming or correcting location information concerning the consumer.

47.    Colo. Rev. Stat. § 12-14-104(1)(b) states that a debt collector shall not disclose that the consumer owes a debt when communicating with a third party.

48.    Defendant violated Colo. Rev. Stat.  § 12-14-104(1)(a) § 12-14-104(1)(b) of the Colorado FDCPA when it discussed Plaintiff's alleged debt with Plaintiff's daughter.

## COUNT XIII
### DEFENDANT VIOLATED § 12-14-106 OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT

49.    Colo. Rev. Stat. § 12-14-106 states that a debt collector shall not engage in conduct the natural consequence is to harass and abuse a consumer in connection to the collection of an alleged debt.

50.    Defendant violated Colo. Rev. Stat. § 12-14-106 when it called Plaintiff repeatedly and continuously, when it discussed Plaintiff's debt with Plaintiff's daughter, when it

attempted to coerce Plaintiff into believing that Defendant had legal capacity and intended to "take the next step," when it threatened Plaintiff with physical violence and when it engaged in other harassing or abusive conduct.

## COUNT XIV
## DEFENDANT VIOLATED § 12-14-106(e) OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT

51. Colo. Rev. Stat. § 12-14-106(e) states that a debt collector shall not cause a telephone to ring or engage any person in conversation repeatedly or continuously with the intent to annoy, abuse or harass.

52. Defendant violated Colo. Rev. Stat. § 12-14-106(e) when it called Plaintiff repeatedly and continuously with the intent to annoy Plaintiff.

## COUNT XV
## DEFENDANT VIOLATED § 12-14-107(1) and § 12-14-107(1)(k) OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT

53. Colo. Rev. Stat. § 12-14-107(1) states that a debt collector shall not use any false, deceptive or misleading representation or means in connection with the collection of a debt.

54. Colo. Rev. Stat. § 12-14-107(1)(k) prohibits debt collectors from making false representations or using deceptive means to collect a debt.

55. Defendant violated Colo. Rev. Stat. § 12-14-107(1) and Colo. Rev. Stat. § 12-14-107(1)(k), when it falsely represented that it would take legal action that it could not take, and when it made other misleading and deceptive statements.

**COUNT XVI**
**DEFENDANT VIOLATED § 12-14-108 OF THE COLORADO**
**FAIR DEBT COLLECTION PRACTICES ACT**

56.    Colo. Rev. Stat. § 12-14-108 states that a debt collector shall not use any unfair or unconscionable means in order to collect a debt.

57.    Defendant violated Colo. Rev. Stat. §12-14-108 of the Colorado FDCPA when it called Plaintiff repeatedly and continuously, when it discussed Plaintiff's debt with a third partyr, when it attempted to coerce Plaintiff into paying the alleged debt within the next two hours or the defendant would "take it to the next level," when it called Plaintiff before 8 am, when it threatened physical violence against the Plaintiff and when it engaged in other harassing or abusive conduct.

WHEREFORE, Plaintiff, STEPHEN HUGHS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) or violation of the Colorado Fair Debt Collection Practices Act pursuant to Colo. Rev. Stat. § 12-14-113(1)(b);
c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) or Colo. Rev. Stat. § 12-14-113(1)(c); and
d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff STEPHEN HUGHS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06/04/12

KIMMEL & SILVERMAN, P.C.

By: s/ Craig T. Kimmel
    Craig T. Kimmel, Esq.
    Kimmel & Silverman, P.C.
    30 E. Butler Avenue
    Ambler, PA 19002
    Tel: 215-540-8888
    Fax: 215-540-8817
    kimmel@creditlaw.com

Attorney for the Plaintiff